■ TERENCE GERMAN, Appellant, v POPE JOHN PAUL, II, et al., Respondents. [621 NYS2d 311] —Order, Supreme Court, New York County (William J. Davis, J.), entered March 11, 1994, which, *inter alia,* granted motions by the various defendants to dismiss plaintiff's first five causes of action, and denied plaintiff's cross-motion for limited discovery and amendment of the complaint, unanimously affirmed, without costs.

Although the motion court based its statute of limitations

determinations on the erroneous conclusion that plaintiff had resigned from the priesthood in January 1987, plaintiff concedes in the complaint that it was in 1965 or 1966 that he first became aware of certain alleged improprieties within the religious community that allegedly give rise to his causes of action for fraud, breach of contract, unjust enrichment, and tortious interference with, or inducement of breach of contract, as well as his claim for quantum meruit compensation in connection with his membership within the religious community. Thus, the first five causes of action were properly dismissed as not timely brought by this action, which was commenced on July 30, 1993, at least 27 years after the alleged causes of action arose. To the extent that plaintiff's claim of tortious interference with, or inducement of breach of contract is addressed to a job that plaintiff held for an unspecified time during 1993, although such an action would not be time-barred, plaintiff has failed to state a viable cause of action supported by factual allegations that any of the named defendants acted intentionally to cause plaintiff to lose his job without privilege or justification (see, Prosser and Keeton, Torts § 129, at 991 [5th ed]).

The above determinations render plaintiff's additional claims of error moot.

We note that to the extent plaintiff's claims are based upon his allegation that the various defendants failed to fulfill their promises to provide plaintiff with the opportunity to "live his life within the religious community in accordance with the vows and the established principles of the [Roman Catholic Church]", such matters may not properly be determined by a civil court (see, Serbian Orthodox Diocese v Milivojevich, 426 US 696; Morris v Scribner, 69 NY2d 418, 422). Concur—Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.